FILED

NOT FOR PUBLICATION

FEB 09 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAN CHARLES TOMPKINS,<br><br>Defendant - Appellant. | No. 09-30079<br><br>D.C. No. 1:07-CR-30034-PA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted February 2, 2010
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Dan Tompkins appeals the district court's application of the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in sentencing Tompkins following

his jury conviction of one count of being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court correctly concluded that Tompkins is an armed career criminal because he has at least three previous convictions for violent felonies under the ACCA. *See* 18 U.S.C. § 924(e)(1). Tompkins admits that he has one qualifying prior conviction, but argues that his burglary convictions do not qualify as violent felonies. Because we find that his previous burglary convictions qualify as two separate offenses under the ACCA, we need not reach the issue of whether his prior convictions for escape and attempt to elude qualify as violent felonies under the ACCA.

The ACCA includes in its definition of "violent felony" any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Tompkins was convicted of two counts of burglary under the Oklahoma burglary statute, OKLA. STAT. tit. 21, § 1435. Because the Oklahoma burglary statute is broader than the generic definition of burglary, it cannot fall categorically within the ACCA's definition of burglary. *See Taylor v. United States*, 495 U.S. 575, 599 (1990). Under the modified categorical approach, however, Tompkins's convictions qualify as violent felonies. The Information, a charging document, alleged each element of generic burglary by stating that Tompkins "unlawfully" entered with "burglarious intent" into a "certain building"

located at a specific address and owned by a particular business. *See Shepard v. United States*, 544 U.S. 13, 26 (2005) (listing charging documents and terms of a plea agreement as documents the court reviews under the modified categorical approach); *see also Taylor*, 495 U.S. at 599 (listing the three elements of generic burglary). He admitted the necessary elements of generic burglary by pleading guilty. *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 857 (9th Cir. 2005) ("By pleading guilty, [defendant] admitted the factual allegations in the indictment.").

The ACCA requires offenses to be "committed on occasions different from one another" in order to count toward the three offenses needed for an enhanced sentence. 18 U.S.C. § 924(e)(1). "The rule is that offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing." *United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir. 1998) (brackets omitted). Offenses are "temporally distinct" when they occur at different times, in different locations, and involve different victims. *Id.* Even though Tompkins's burglary convictions were similar in nature and occurred on the same day, his Information listed two separate burglary counts with separate addresses belonging to two different victims. He was sentenced in separate judgment orders to consecutive

3

five-year prison terms. Together, these factors establish that Tompkins's burglaries were temporally distinct and count separately under the ACCA.

AFFIRMED.